UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:

        Chapter 11

Andra's Redemption, Inc.,

        Debtor.        Case No. 17-40825-nhl
-----------------------------------------------------------------X

## **ORDER CONFIRMING SALE**

      Andra's Redemption, Inc., debtor and debtor-in-possession ("Debtor"), having served and filed a motion to approve terms and conditions of sale and bidding procedures (the "Terms and Conditions") for the Debtor's sale of the real property owned by the Debtor at 104-07 95th Avenue, Ozone Park, New York (the "Property") at a public auction originally scheduled for April 30, 2020, which sale was adjourned by the Debtor to July 23, 2020, for reasons related to the Covid 19 crisis (the "Sale"); and no party having objected to the Sale; and the Court having entered an order on May 1, 2020 approving the Terms and Conditions; and the Debtor's auctioneer, Maltz Auctions, Inc., having advertised the Sale and conducted the Sale online in accordance with the May 1, 2020 order of the Court, and in accordance with the Terms and Conditions of Sale which were given to all persons who registered to bid at the auction; and prospective purchasers having registered to bid and having bid on the Property; and at the Sale Amit Khanna and Papisha Khanna ("Purchasers") having offered to buy the Property for $1,000,000.00, plus a buyer's premium of 6% or $60,000, which amount was the highest and best bid received at the Sale, and the Debtor having accepted the bid according to the Terms and Conditions of Sale; and after the auction the Purchasers having signed a memorandum of sale accepting the Terms and Conditions of Sale; and Debtor having served and filed a Notice of Sale Hearing for a hearing on August 4, 2020; and the City of New York (the "City") having filed a reservation of rights with respect to monies owed to the City for unpaid real estate taxes, water

and sewer charges, unpaid tax liens sold to tax lien trusts, and the secured claim of the New York City Office of Administrative Trials and Hearings ("OATH"); and the Debtor having appeared by Rosenberg Musso & Weiner in support of the motion, and Purchasers having appeared by Harvinder Julka, Esq., JFA Holdings LLC ("JFA") having appeared by Bruce Minkoff, Esq., the City having appeared by Gabriela P. Cacuci, Esq., and the Office of the United States Trustee having appeared by Reema Lateef, Esq., and

**IT APPEARING THAT** the Debtor has provided notice to all parties in interest of the Motion; and

**IT APPEARING THAT** Purchasers extended an offer at the Sale to purchase the Property for $1,000,000.00 plus a buyer's premium of 6%, and no higher or better offer was received at the Sale; and

**IT APPEARING THAT**, based on the evidence at the hearing on the Motion, Purchasers are purchasers acting in good faith as such term is used in the Bankruptcy Code and are entitled to the protection set forth in section 363(m) of the Bankruptcy Code if they consummate a purchase of the Property in accordance with this Order and the Terms and Conditions of Sale; and

**AFTER DUE DELIBERATION,** the relief requested in the Motion appears reasonable and in the best interests of the Debtor's estate and sufficient cause appears therefor; accordingly it is hereby

**ORDERED**, that pursuant to 11 U.S.C. §363(b) and (f), the sale of the Property to Purchasers, or an entity to be formed by them, free and clear of all claims, liens, and interests in the Property for $1,000,000.00, plus a buyer's premium of 6%, is confirmed, with such claims, liens, and interests to attach to the proceeds of the Sale; and it is further

**ORDERED,** that Purchasers shall be entitled to the protection of section 363(m) of the Bankruptcy Code with respect to the sale of the Property approved and authorized herein in the event this Order or any authorization contained herein is reversed or modified on appeal; and it is further

**ORDERED,** that this Court shall retain jurisdiction over the implementation of and enforcement of the provisions of this Order; and it is further

**ORDERED,** that the Debtor may proceed to close on the Sale to Purchasers, or an entity to be formed by them, according to the Terms and Conditions of Sale and the Debtor and its representatives are authorized to execute and deliver such other documents and instruments, and take such other actions as may be necessary to implement, effectuate and consummate the Sale and this Order and any other related documents, and the transactions contemplated thereby; and it is further

**ORDERED**, that the Debtor is authorized and directed to pay the lien held by JFA, its full lien amount at a closing of sale or within 10 days of any such closing, as set forth in a valid and up to date payoff letter/correspondence to be sent to the Debtor by JFA Holdings; and it is further

**ORDERED,** that the Debtor is authorized and directed to pay the liens held by the City and any tax lien trusts, with statutory interest thereon, including the lien held by OATH, or to escrow with Debtor's counsel sufficient amounts to pay all such liens with all such liens to be paid within sixty (60) days of the closing; and is it further

[*Order continues on the following page*]

**ORDERED**, that the Sale of the Property is not tax exempt under 11 U.S.C. §1146(a).

Dated: August 13, 2020
      Brooklyn, New York



Nancy Hershey Lord
United States Bankruptcy Judge